IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1750-WJM-NYW

CHRIS SEVIER,
JOAN GRACE HARLEY,
JOHN GUNTER, JR., and
WHITNEY KOHL,

    Plaintiffs,

v.

JOHN HICKENLOOPER, in his Official Capacity as Governor of Colorado,
CYNTHIA COFFMAN, in her Official Capacity as Attorney General,
MATT CRANE, in his Capacity as Supervisor Marriage License and County Recorder of Arapahoe County,
STACY WORTHINGTON, in her Capacity as Assistant Attorney General in Colorado, and
AUBREY ELENIS, Director of the Colorado Civil Rights Division,

    Defendant.

## ORDER ON PENDING FILINGS AND CASE PROCEDURES

Now before the Court are: (1) the Motion for Reconsideration Pursuant to Fed. R. Civ. P. 72 filed by Plaintiff Chris Sevier (ECF No. 40 ("Plaintiff Sevier's Objection")); (2) the pleading titled "Plaintiff Gunter Moving to Supplement the Record," filed by Plaintiff John Gunter, Jr. (ECF No. 32 ("Plaintiff Gunter's Objection"));[1] (3) Plaintiff Gunter's Joinder in Plaintiff Sevier's Objection (ECF No. 50); (4) Plaintiff Sevier's additional Fed.

---

[1] Given its content, the Court construes ECF No. 32 as an Objection to the same Minute Order entered by U.S. Magistrate Judge Nina Y. Wang to which Plaintiff Sevier objects (ECF No. 29.)

R. Civ. P. 72 Objection (ECF No. 53);[2] (5) Plaintiff Sevier's now-pending Motion for Summary Judgment (ECF No. 51); (6) Plaintiff Gunter's now-pending Motion for Summary Judgment (ECF No. 52); and (7) Plaintiff Joan Grace Harley's now-pending Motion for Summary Judgment (ECF No. 56).

## I. BACKGROUND

This case was opened on July 19, 2017. (ECF No. 1.) Plaintiffs Sevier and Gunter filed Motions for Summary Judgment, on August 16 and August 21, 2017 respectively. (ECF Nos. 19, 27 (Plaintiff's "First Motions").) The Court referred both Motions to U.S. Magistrate Judge Nina Y. Wang, pursuant to Federal Rule of Civil Procedure 72, D.C.COLO.LCivR 72.1, and 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 17, 20, 28.)

On August 21, 2017, Judge Wang entered a Minute Order striking both Motions for exceeding the page limits imposed by the undersigned's Revised Practice Standards. (ECF No. 29 at 2 ("Judge Wang's Order" or "the Order").) Plaintiff Gunter and Plaintiff Sevier filed Objections to Judge Wang's Order. (ECF Nos. 32, 40, 50, 53.) Subsequently, Plaintiffs Sevier and Gunter re-filed Motions for Summary Judgment, which are substantially identical to their First Motions (ECF Nos. 51, 52), and Plaintiff Harley also filed a Motion for Summary Judgment (ECF No. 56) (collectively, the "Pending Motions for Summary Judgment").

---

[2] The filing at ECF No. 53 was docketed as an objection to the same Minute Order (ECF No. 29) to which the filings at ECF Nos. 32, 40 & 50 are directed. To the extent it addresses that Order, it is subject to being stricken as duplicative and is overruled for the reasons stated below. To the extent it objects to the requirement for in-person appearance at the Status Conference held September 20, 2017, that Objection is overruled as moot.

Because Plaintiffs appear *pro se*, the Court gives liberal construction to their pleadings. *Ghailani v. Sessions*, 859 F.3d 1295, 1303 (10th Cir. 2017). However, "*pro se* litigants must follow the same procedural rules that govern other litigants." *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1240 (D. Colo. 2012) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). In addition, Plaintiffs Gunter and Sevier represent that Plaintiff Sevier is "an immensely competent attorney," albeit no longer licensed. (ECF No. 50 at 15; *see also* ECF No. 19; ECF No. 32 at 4–5.) Therefore Plaintiff Sevier's filings are not entitled to the same liberal construction as *pro se* litigants. *Tatten v. Bank of Am. Corp.*, 562 F. App'x 718, 720 (10th Cir. 2014).[3]

## II. FED. R. CIV. P. 72 OBJECTIONS

Judge Wang's Order was not a determination of Plaintiffs' First Motions on the merits, and was not dispositive of any claim or defense, and is thus subject to reversal only if it was "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). This standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

The Court finds no clear error in Judge Wang's Order. The undersigned's procedural requirements limit parties to "a single motion for summary judgment customarily filed at the conclusion of pretrial discovery," while also permitting "one early motion for partial summary judgment which presents a substantial and well-supported

---

[3] Whether Plaintiff Sevier is engaged in the unauthorized practice of law by representing the other *pro se* Plaintiffs is a question raised by ongoing proceedings before Judge Wang but not addressed here. (*See* ECF Nos. 72, 73, 76, 78.)

argument for significantly reducing the claims or issues in the case." WJM Revised Practice Standard III.E.2. Plaintiffs Sevier and Gunter argue that theirs were "traditional" motions subject to a 40-page limit, rather than the 15-page limit for "early" motions. (ECF Nos. 32, 40.) Plaintiffs' First Motions were filed before any discovery had commenced, indeed before most Defendants had been served, and thus before it had even been established whether Defendants might pursue discovery, no matter how vociferously Plaintiffs insist none is necessary. (*See* ECF Nos. 13, 19, 27.) In these circumstances, Plaintiffs' First Motions were clearly premature under Rule 56, and this timing reflects no clear error in Judge Wang's conclusion that these were "early" motions and thus subject to the 15-page limit, which both Motions grossly exceeded. *See* WJM Revised Practice Standard III.C.1.

Even if the Court were to engage in *de novo* review, it would sustain Judge Wang's Order to strike Plaintiff's First Motions. As that Order noted, the undersigned's Revised Practice Standards specify the required format for all motions for summary judgment. (ECF No. 29.) Plaintiffs' First Motions did not meet these requirements. To name two examples, among many, Plaintiff Sevier's Motion alleges as "material facts" that "[t]he governor and state officials are providing full marriage benefits and privileges to . . . homosexuals but not to self-identified polygamists and machinists," but with no citation to any form of evidence. (ECF No. 19 at 24, ¶ 3.) Plaintiff Sevier also alleges as a "fact" that "[f]ollowing *Obergefell*, the LGBTQ community has been entering public schools to advocate its ideology," citing only "See public record." (*Id.* at 25, ¶ 12.) Such recitals do not meet the Court's procedural requirements; nor could they carry the

4

burden of a party seeking summary judgment. *See* Fed. R. Civ. P. 56(a); Fed. R. Civ. P. 56(c)(1)(A) ("[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record"); WJM Revised Practice Standard III.E.3 (alleged material facts "must be accompanied by a specific reference to admissible evidence in the record which establishes that fact").

In addition, the "evidentiary" materials docketed with Plaintiffs' First Motions do not support a cognizable request for summary judgment. Most of these materials are clippings or reproductions of online news or opinion pieces, while some are litigation materials from other cases, and copies of proposed legislation supported by Plaintiff Gunter. (*See e.g.*, ECF Nos. 19-1 through 19-50, ECF Nos. 27-1 through 27-42.) Most of these materials are facially inadmissible under the Federal Rules of Evidence. *See, e.g.*, Fed. R. Evid. 801–02. There is no indication that the authors of these materials could be called as witnesses, and these materials cannot carry Plaintiffs' burden of proof under Rule 56. These submissions are thus both procedurally improper and substantively inadequate to support Plaintiffs' request for summary judgment. *See* Fed. R. Civ. P. 56(a), (c)(1), (c)(2); *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (at the summary judgment phase, "courts should disregard inadmissible hearsay statements," and "may consider only the evidence that would be available to the jury").

More broadly, the Court finds that Plaintiffs' First Motions fall short of the standards required by D.C.COLO.LCivR. 7.1(i) ("Motions . . . shall be concise. A verbose, redundant . . . or unintelligible motion . . . may be stricken . . . and . . . may be

grounds for sanctions . . . ."), and by D.C.COLO.LCivR 56.1(c) ("Voluminous exhibits are discouraged. Parties shall limit exhibits to essential portions of documents.").

Given these pervasive failures, Plaintiffs' Motions for Summary Judgment did not present a competent record on which the Court could have addressed the merits of Plaintiffs' claims. For all these reasons—in addition to the problems with timing and length—Judge Wang was correct to strike Plaintiffs' First Motions. Accordingly Plaintiffs' Objections (ECF Nos. 32, 40, 50, 53) are OVERRULED.

### III. PENDING MOTIONS FOR SUMMARY JUDGMENT

The Court also finds that the Pending Motions for Summary Judgment filed by Plaintiffs' Sevier and Gunter (ECF Nos. 51 & 52) are substantially identical to Plaintiffs' First Motions and suffer all of the same defects identified above. Plaintiff Harley's Pending Motion for Summary Judgment (ECF No. 56) suffers the same errors, and also contains no section stating allegedly undisputed material facts. *Contra* D.C.COLO.LCivR 56.a(1); WJM Revised Practice Standard III.E.3.

Given these failures, the Pending Motions again fail to present a competent record on which the Court could apply the standards required by Fed. R. Civ. P. 56 or address the merits of Plaintiffs' claims. If the Court *were* to take up these Motions as filed, it is clear on face that they would fail to carry Plaintiffs burden of "showing beyond a reasonable doubt that [they are] entitled to summary judgment." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). If accepted, the Court would be compelled to deny Plaintiffs' Motions on their merits, with no opportunity for re-filing. WJM Revised Practice Standard III.E.2. ("each party shall be limited to the filing of a **single** motion for

6

summary judgment") (emphasis added).  However, denying Plaintiffs' Pending Motions at this stage would unduly elevate procedure over substance and prejudice Plaintiffs' opportunity to have their claims heard and adjudicated on the merits.  The Court will provide that opportunity, in the usual course, and when and if a proper record is presented, but not before.

Accordingly, given their numerous procedural defects, Plaintiffs' Pending Motions for Summary Judgment (ECF Nos. 51, 52 & 56)  are STRICKEN.  Pursuant to Fed. R. Civ. P. 56(b), Plaintiffs may file renewed Motions for Summary Judgment, if any, <u>only</u> after any motions filed pursuant to Fed. R. Civ. P. 12 have been fully briefed and resolved, and in no event before the entry of a scheduling order.  Any Motions filed earlier will be summarily stricken as premature.

### IV.  EXTRANEOUS FILINGS

Plaintiffs have rapidly cluttered the docket of this case with extraneous materials, principally including declarations of non-parties which bear no identified connection either to the material facts of this case or to any pending motion or pleading permitted by the Federal Rules of Civil Procedure or the Rules of this Court.  (*See*, *e.g.*, ECF Nos. 3–11, 22–26, 60, 77.)   These materials serve only to unnecessarily confuse and congest the docket, thus obstructing the orderly advancement of this case.  Pursuant to the Court's inherent power to control its docket, such extraneous filings are subject to being summarily stricken.  The Court's docket is not a forum in which Plaintiffs may freely re-publish documents unauthorized by the Federal Rules which bear no connection to any pending pleading or motion.

Accordingly, Judge Wang is hereby DIRECTED and AUTHORIZED to review the docket for such extraneous filings, and may strike any such extraneous filings, whether already docketed or filed in the future.

## V. *AD HOMINEM* ATTACKS ON JUDGE WANG

Lastly, the most pervasive feature of Plaintiffs' filings to date has been their resort to histrionic and absurd *ad hominem* attacks, insults, and threats against Judge Wang.[4] Such filings are entirely unacceptable. This case is subject to an All-Motions Reference Order entered by the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), and Fed. R. Civ. P. 72(a) & (b). (ECF No. 17.) Plaintiffs can expect that Judge Wang—for whom the undersigned has the utmost respect—will act on all matters in the first instance, to enter rulings, orders, and/or recommendations. Plaintiffs' oft-espoused respect for the courts and the "Rule of Law" must manifest itself in demonstrated and appropriate respect for Judge Wang.

Plaintiffs are hereby ORDERED to **immediately** cease all *ad hominem* attacks on Judge Wang. This Court can only adjudicate Plaintiffs' claims on their merits if

---

[4] *See, e.g.*, ECF No 53 at 9 (accusing Judge Wang of "an intellectually dishonest agenda"); ECF No. 73 at 2 "Magistrate Wang is the poster child for judicial activism . . . [and] continues to beg that Federal oversight make an example out of her . . . ."); *id.* ("Magistrate Wang is a *de facto* brainwashed ideology [*sic*]"); ECF No. 40 at 6 ("Magistrate Wang is merely a Black Robed Priest of the largest denomination of secular humanism . . . ."); ECF No. 32 at 2 ("Plaintiffs are recommending to oversight that Judge Wang is unfit . . . ."); *id.* at 4 ("Plaintiffs pray every night to compel oversight punt any Justice that has the nerve to abuse the powers of their office in the Plaintiffs' lawsuits off the bench . . . . "); ECF No. 73 at 2 (accusing Judge Wang of "full blown contempt for the rule of law, the evidence, and the Constitution" and of "lack[ing] the character and fitness to even be on the bench," and pontificating that she "is without a doubt lead [*sic*] around by the nose ring by emotion"); *id.* at 8 (opining that Judge Wang is "completely incapable of doing her job"); ECF No. 76 at 2 ("Magistrate Wang's self-entitlement syndrome is so out of control that she feels that it is proper for her to continually scheme to obstruct justice . . . .").

Plaintiffs address their filings to those merits, without resort to baseless *ad hominem* attacks. Further insults and attacks of this kind **will not be tolerated**. Any pleadings—whether already docketed or filed in the future— which contain *ad hominem* attacks on any other judicial officer of this Court may be summarily stricken. ANY future violations of this Order may also subject Plaintiffs to sanctions, including being held in contempt of Court. Plaintiffs are hereby specifically put on notice that such possible sanctions may include this Court ordering that **all of Plaintiff's claims be dismissed with prejudice and attorney's fees and costs being awarded to one or more Defendants**. Plaintiffs will proceed by showing appropriate and due respect to all judicial officers of this Court, or they will not proceed at all.

## VI. CONCLUSION

For the reasons stated, and pursuant to the Court's inherent authority to control its docket and the cases before it, the Court ORDERS as follows:

1. Each of Plaintiff Sevier's and Plaintiff Gunter's Objections pursuant to Fed. R. Civ. P. 72 (ECF Nos. 32, 40, 50, 53) is OVERRULED;

2. Plaintiffs Sevier, Gunter, and Harley's pending Motions for Summary Judgment (ECF Nos. 51, 52, 56) are STRICKEN;

3. Pursuant to Fed. R. Civ. P. 56(b), no Motions for Summary Judgment may be filed earlier than such time as any Motions that may be filed pursuant to Fed. R. Civ. P. 12 have been resolved, and in no event before a scheduling order is entered pursuant to Fed. R. Civ. P. 16(b)(1) or the Court enters an Order finding that no scheduling Order is required;

4.  U.S. Magistrate Judge Nina Y. Wang is DIRECTED and AUTHORIZED to summarily strike any current or future filings which are extraneous to this case, are unauthorized by the Federal Rules of Civil Procedure, and/or are not clearly connected to a pending motion or pleading authoriziend by the Federal Rules of Civil Procedure, see Part IV, *supra*; and,

5.  Plaintiffs are ORDERED to **immediately** desist from **any** further *ad hominem* attacks, insults or threats against any judicial officer of this Court. Plaintiffs must direct their filings exclusively to the facts and the merits of their pending claims and must comply in all respects with D.C.COLO.LCivR 7.1(i) and Fed. R. Civ. P. 11(b)(1), *see* Part V., *supra*.

Dated this 29th day of September, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge